UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 16-41371 (CEC) |
| BROOKLYN EVENTS, LLC<br>d/b/a VERBOTEN | Chapter 11 |

**OBJECTION BY SWL ENTERPRISES, LLC TO DEBTOR'S MOTION FOR ORDERS PURSUANT TO SECTIONS 105(a) AND 363(b), 363(f), 363(m) AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING AND APPROVING ENTRY INTO A LEASE PURCHASE AGREEMENT AND GRANTING BID PROTECTIONS TO THE STALKING HORSE PURCHASER; (II) APPROVING (A) BID PROCEDURES AND NOTICE OF THE AUCTION RELATING THERETO, AND (B) ASSUMPTION, ASSIGNMENT AND SALE OF THE DEBTOR'S INTEREST IN UNEXPIRED LEASE AND RELATED ASSETS TO THE STALKING HORSE PURCHASER OR A PARTY MAKING A HIGHER AND BETTER OFFER, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

SWL Enterprises, LLC ("<u>SWL</u>"), by and through its undersigned counsel, hereby objects to the *DEBTOR'S MOTION FOR ORDERS PURSUANT TO SECTIONS 105(a) AND 363(b), 363(f), 363(m) AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING AND APPROVING ENTRY INTO A LEASE PURCHASE AGREEMENT AND GRANTING BID PROTECTIONS TO THE STALKING HORSE PURCHASER; (II) APPROVING (A) BID PROCEDURES AND NOTICE OF THE AUCTION RELATING THERETO, AND (B) ASSUMPTION, ASSIGNMENT AND SALE OF THE DEBTOR'S INTEREST IN UNEXPIRED LEASE AND RELATED ASSETS TO THE STALKING HORSE PURCHASER OR A PARTY MAKING A HIGHER AND BETTER OFFER, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF* (the "<u>Sale Motion</u>").  In support of its objection, SWL respectfully states as follows:

1.      On March 31, 2016 (the "Petition Date"), the Debtor filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business and manages its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      SWL is a secured creditor of the Debtor.  Prior to the Petition Date, SWL (along with a co-lender, Pierrepont Ventures, Inc.) and the Debtor entered into that certain Loan Agreement dated as of November 12, 2013 (the "Loan Agreement") and SWL (as collateral agent) and the Debtor entered into that certain Security Agreement (Loan Agreement) dated as of the same date (the "Security Agreement").  Collectively the loans evidenced by the Loan Agreement and secured by the Security Agreement are referred to as the "Senior Secured Credit Facility".

4.      Pursuant to the Security Agreement, the indebtedness under the Senior Secured Credit Facility is secured by substantially all of the Debtors' personal property assets including all receivables, equipment, general intangibles, inventory, investment property, real property and subsidiary stock (the "Collateral").  The Collateral excludes the lease (the "Lease") the Debtor has requested to assign pursuant to the Sale Motion.

5.      As of March 31, 2016, the aggregate principal amount owing to SWL under the Senior Secured Credit Facility was not less than $1,441,990.42 (such extensions of credit, together with all interest, fees, charges and expenses accrued or to accrue, and which are payable in accordance with the Loan Agreement, the "SWL Obligations").

6. SWL objects to the relief requested in the Sale Motion because (a) absent consent, the Debtor cannot sell its assets free and clear of SWL's liens under Section 363(f) of the Bankruptcy Code, (b) the value proposed to be received in the sale in respect of SWL's Collateral is insufficient, and (c) the values proposed in the sale may have been guided to increase the amounts paid in respect of the Lease in order to allow the proceeds of that unencumbered asset to be used to pay off sales taxes the Debtor improperly failed to pay.

**I.  A sale free and clear of SWL's liens is not permitted by Section 363(f) of the Bankruptcy Code.**

7. Section 363(f) of the Bankruptcy Code provides that a debtor may only sell assets free and clear of liens and other interests if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Because the foregoing is phrased in the disjunctive any of the five will be sufficient. However, because SWL does not consent to the proposed sale, liens of SWL are not in bona fide dispute and no applicable nonbankruptcy law permits a sale of SWL's Collateral free and clear of SWL's liens, Sections 363(f)(1), (2) and (4) are not in any way applicable and the Sale Motion does not indicate that any of those subsections of Section 363(f) apply.

8. Likewise, neither Sections 363(f)(3) or (5) permit a sale in these circumstances.

9. Section 363(f)(3) only permits a sale of property free and clear of a lien if the price at which such property is to be sold is greater than the aggregate value of all liens on such

property. While there is a split of authority, the majority of cases and most of the recent decisions deciding the issue follow the "face value" approach and hold that the property must be sold for an amount greater than the debt secured by such property. See In re PW, LLC, 391 B.R. 25, 46 (BAP 9th Cir. 2008), In re WDH Howell, LLC, 298 B.R. 527, 534 (D.N.J. 2004). Judge Cooper's thorough analysis of the issue in WDH Howell shows that any other approach causes Section 363(f) to be inconsistent and completely reads the words "greater than" out of the statute. Judge Cooper's decision in WDH Howell was cited favorably by this Court and followed when Judge Rosenthal stated in *In re Prime Props. of N.Y., Inc., 2010 Bankr. LEXIS 3602* (Bankr. E.D.N.Y. 2010), that 363(f)(3) requires "that the actual '*purchase price* at which the Property is to be sold' [emphasis added] and not the estimated value of the Property, to be greater than the value of the lien." Id. at *6.

10.     Furthermore, Section 363(f)(5) cannot be used to sell the assets free and clear of SWL's liens. First, using 363(f)(5) to do what was prohibited by 363(f)(3) would render 363(f)(3) meaningless. Second, there is no hypothetical proceeding in which SWL's liens can be extinguished and SWL compelled to accept a money satisfaction. As set forth in PW, LLC, Section 1129(b)(2) 'cramdown' is not the type of legal or equitable proceeding referred to in Section 363(f)(5). PW, LLC, at 46. If Congress had wanted 1129(b) to be the mechanism used to satisfy Section 363(f)(5) it could have made that clear in the statute. Furthermore, any hypothetical cram down would have to deal with the impact of a hypothetical 1111(b) election by an undersecured creditor opposing a sale. Simply put, Section 363(f)(5) does not permit the Debtors to sell their assets free and clear of SWL's liens in this case.

**II.     The value obtained in the sale is has not been established as sufficient.**

11.     Even if this Court were to ignore *Prime Props.* and find that Section 363(f)(3) allows the sale at hand at the "economic" value of SWL's liens, the Debtor has failed to establish the value of the property being sold. No appraisals or valuations have been attached to the Sale Motion or shared with SWL regarding the value of the Lease or the value of the Collateral. As a result, this Court cannot ascertain whether fair market value is being received for either portion of the property comprising the assets to be sold. Absent evidence of value in the forms of third party appraisals and professional valuations, the Court cannot ascertain the necessary facts to allow the requested sale to proceed.

**III.     SWL believes that the Debtor may have improperly guided value to an unencumbered asset to help satisfy obligations of a non-debtor.**

12.     Upon information and belief, the Debtor has large amounts of unpaid sales taxes the Debtor's owners and managers failed to remit in accordance with applicable law. Upon information and belief, those sales taxes, to the extent they remain unpaid, can be asserted by the appropriate taxing authority as a personal liability against the person required to remit such taxes on behalf of the Debtor. In order to produce the maximum amount of revenue to pay these taxes (to benefit its members and managers), it is believed that the persons in charge of the Debtor may have improperly guided bidders to allocate value to the Lease (which is unencumbered) instead of the Collateral.

13.     Based on the foregoing, SWL objects to the Sale Motion and requests that the Court deny the Sale Motion.

Respectfully submitted on this date, the 18th of July, 2016

        /s/Zachary H. Smith
        MOORE & VAN ALLEN PLLC
        Zachary H. Smith (NY Bar # 4229951)
        James R. Langdon (NC Bar # 23241)
        100 North Tryon Street, Suite 4700
        Charlotte, NC 28202-4003
        (704) 331-1000

        *Attorney for SWL Enterprises, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 16-41371 (CEC) |
| BROOKLYN EVENTS, LLC<br>d/b/a VERBOTEN | Chapter 11 |

**OBJECTION BY SWL ENTERPRISES, LLC TO DEBTOR'S MOTION FOR ORDERS PURSUANT TO SECTIONS 105(a) AND 363(b), 363(f), 363(m) AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING AND APPROVING ENTRY INTO A LEASE PURCHASE AGREEMENT AND GRANTING BID PROTECTIONS TO THE STALKING HORSE PURCHASER; (II) APPROVING (A) BID PROCEDURES AND NOTICE OF THE AUCTION RELATING THERETO, AND (B) ASSUMPTION, ASSIGNMENT AND SALE OF THE DEBTOR'S INTEREST IN UNEXPIRED LEASE AND RELATED ASSETS TO THE STALKING HORSE PURCHASER OR A PARTY MAKING A HIGHER AND BETTER OFFER, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *OBJECTION BY SWL ENTERPRISES, LLC TO DEBTOR'S MOTION FOR ORDERS PURSUANT TO SECTIONS 105(a) AND 363(b), 363(f), 363(m) AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING AND APPROVING ENTRY INTO A LEASE PURCHASE AGREEMENT AND GRANTING BID PROTECTIONS TO THE STALKING HORSE PURCHASER; (II) APPROVING (A) BID PROCEDURES AND NOTICE OF THE AUCTION RELATING THERETO, AND (B) ASSUMPTION, ASSIGNMENT AND SALE OF THE DEBTOR'S INTEREST IN UNEXPIRED LEASE AND RELATED ASSETS TO THE STALKING HORSE PURCHASER OR A PARTY MAKING A HIGHER AND BETTER OFFER, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF* was served via CM/ECF on parties having appeared electronically in the instant matter

MOORE & VAN ALLEN PLLC
Zachary H. Smith
N.Y. Bar #
James L. Langdon
N.C. Bar # 23241
100 North Tryon Street, Suite 4700

CHAR2\1815458v1

Charlotte, NC 28202-4003
(704) 331-1000

Attorney for SWL Enterprises, LLC

July __, 2016